UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE ALBERTO GARCIA-MARTINEZ,<br><br>    Defendant. | NO. CR-10-6067-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND RELATED MOTIONS** |

This matter comes before the Court on Defendant Jose Alberto Garcia-Martinez's Motion under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 34, and related motions: Motion for Leave to File a Memorandum of Law in Support of His Title 28 U.S.C. § 2255, ECF No. 37; Motion for Appointment of Counsel and for an Evidentiary Hearing, ECF No. 38; and Motion for Production of Documents Pursuant to 28 U.S.C. §§ 2250 and 753(f) at the Government's Expense, ECF No. 39. Also before the Court is Mr. Garcia-Martinez's Request for Waiver of the $100.00 Assessment Fee, ECF No. 40, which the Court construes as a motion. Having reviewed the record in this matter, Mr. Garcia-Martinez's submissions, and applicable authority, the Court is fully informed. For the reasons discussed below, the Court denies Mr. Garcia-Martinez's motions.

/

ORDER ~ 1

**I. Section 2255 Motion**

    **A. Background**

Mr. Garcia-Martinez's § 2255 motion alleges that he was ineffectively assisted by Court-appointed defense counsel Alison Guernsey. Mr. Garcia-Martinez argues that defense counsel was ineffective in defending his § 1326 illegal reentry charge by: 1) not investigating whether he was ineffectively assisted by counsel in his prior convictions and deportatons; and 2) not advising him of his right to have the Mexican Consular notified of his charge. Mr. Garcia-Martinez argues that the waiver of collateral attack in his guilty plea should not be enforced because he was ineffectively assisted by counsel.

Mr. Garcia-Martinez was indicted on August 10, 2010, on one count of being an Alien in the United States after Deportation in violation of 8 U.S.C. § 1326. ECF No. 12. On October 5, 2010, Mr. Garcia-Martinez plead guilty to the Indictment pursuant to a fast-track plea agreement and was sentenced to thirty-nine months imprisonment, no fine, three years of supervised release, and a $100.00 Special Penalty Assessment. ECF No. 31. Mr. Garcia-Martinez's Plea Agreement contained the following paragraph:

> 15. <u>Appeal Rights</u>:
>
> In consideration of the government's recommendations contained in this Plea Agreement as well as the various waivers by the Defendant, both parties waive any right to appeal this conviction and the sentence imposed by the Court in this case.
>
> **The Defendant also waives any right to collaterally attack this conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack (except for ineffective assistance of counsel based on facts discovered after the plea and sentencing). The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attached**

ORDER ~ 2

1  **the defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel as noted above.** If the Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, the Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the Plea Agreement.

ECF No. 29 ¶ 15 (emphasis added).

### B. Analysis

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. An accused has been denied effective assistance of counsel in violation of the Sixth Amendment when 1) counsel's performance was deficient, and 2) the defendant was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With regard to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 689).

Having reviewed Mr. Garcia-Martinez's filings and the record in this matter, the Court finds that Mr. Garcia-Martinez has waived his right to file the instant § 2255 motion. While Mr. Garcia-Martinez's motion alleges ineffective assistance of counsel, its allegations of ineffective

ORDER ~ 3

assistance are not "based on facts discovered after the plea and sentencing." ECF No. 29 ¶ 15. Rather, Mr. Garcia-Martinez's motion simply repeats the elements of a claim for relief as identified in the Supreme Court's opinion in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), and asserts that these elements are implicated by his case. In light of Mr. Garcia-Martinez's three prior deportations from this country, *see* PSIR, ECF No. 22, at ¶¶ 84-86, it is inconceivable that Defendant was not aware of the immigration consequences of his guilty plea in this matter; and any argument that Ms. Guernsey failed to investigate those prior deportations is foreclosed by the waiver of appeal, because this fact would have been known to Mr. Garcia-Martinez at the time of his guilty plea.

Accordingly, Mr. Garcia-Martinez's § 2255 motion is denied, and Mr. Garcia-Martinez's motion for leave to file a memorandum of law, motion for production of documents, and motion for appointment of counsel are denied as moot.

**II.  Motion for Remission of Special Penalty Assessment**

Also before the Court is Mr. Garcia-Martinez's Request for Waiver of the $100 Assessment Fee, ECF No. 40, which the Court construes as a motion. Therein, Mr. Garcia-Martinez asks the Court to waive the $100.00 Special Penalty Assessment imposed against him pursuant to 18 U.S.C. § 3013(a)(2)(A). However, the Special Penalty Assessment in § 3013 is mandatory, and may be remitted only on petition of the United States. *See* 18 U.S.C. § 3573. Accordingly, Mr. Garcia-Martinez's motion for remission of the Special Penalty Assessment is denied.

/

**III. Conclusion**

For the reasons stated above, **IT IS HEREBY ORDERED**:

1. Mr. Garcia-Martinez's Motion under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, **ECF No. 34**, is **DENIED**.

2. Mr. Garcia-Martinez's Motion for Leave to File a Memorandum of Law in Support of His Title 28 U.S.C. § 2255, **ECF No. 37**; Motion for Appointment of Counsel and for an Evidentiary Hearing, **ECF No. 38**; and Motion for Production of Documents Pursuant to 28 U.S.C. §§ 2250 and 753(f) at the Government's Expense, **ECF No. 39**, are **DENIED as moot**.

3. Mr. Garcia-Martinez's Request for Waiver of the $100.00 Assessment Fee, **ECF No. 40**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to the United States Attorney's Office and to Mr. Garcia-Martinez at the following address:

>       Jose Alberto Garcia-Martinez
>       Reg. # 16100-180
>       Federal Correctional Institution - Herlong
>       P.O. Box 800
>       Herlong, CA 96113

**DATED** this   9th   day of April 2012.

                              S/ Edward F. Shea
                              EDWARD F. SHEA
                         United States District Judge

Q:\Criminal\2010\6067.deny.petition.lc2.wpd

ORDER ~ 5